## THIRD DEPARTMENT, JULY, 1957

### (July 23, 1957)

MARION SAYRE, an Infant, by MARION E. SAYRE, Her Guardian ad Litem, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 33078.)— Appeal from an order of the Court of Claims granting claimants' motion to amend a claim. The original claim alleged that the infant claimant Marion Sayre presented herself at a roller skating rink at Jones Beach State Park and paid the required fee for the rental of skates and the use of the rink; that shortly after she put on the skates and entered the rink, the front wheels of one skate came off, whereby she was caused to trip and fall and to sustain personal injuries; that the skates in question were kept and maintained in a careless and negligent manner; and that such negligence was the sole cause of the injuries. The claim also alleged that claimant Marion E. Sayre incurred medical expenses for the treatment of the infant claimant and judgment was demanded for damages therefor and for the infant claimant's injuries. The amended claim repeats, as a first cause of action, all the allegations of the original cause of action and, as a second cause of action, repeats those allegations, by reference, and alleges, further, that the State "breached the warranty of fitness for use arising out of the agreement of hire of said skates to the infant claimant, in that said skates were defective and dangerous and were not fit for use as such." The State contends that claimants have been permitted to plead, in addition to their original cause of action for negligence, a new and different cause of action arising out of contract, being for breach of an implied warranty, and urges that the court was without jurisdiction to grant such an amendment since, according to the State's contention, the effect was to permit the filing of a new and different claim after the expiration of the two-year period prescribed for such filing. (Court of Claims Act, § 10, subd. 4.) The power is conferred upon the Court of Claims to amend any claim "in furtherance of justice for any error in form or substance". (Court of Claims Act, § 9, subd. 8.) The language of the grant is consistent with the practice of "an increasing liberality in determining what constitutes 'a new or different cause of action'" and the departure from an undue reliance upon "technical considerations or ancient formulas". (*Harriss* v. *Tams*, 258 N. Y. 229, 242.) Here we find no fatal diversity. The

original claim, it is true, alleged negligence but it also averred the delivery to the infant claimant of the skates upon payment by her of the rental charge. The amendment added the conclusory allegation of a breach of the warranty of fitness for use. The moving affidavit asserted that the allegation had been omitted through inadvertence on the part of claimants' attorney. The Attorney-General apparently opposed the application but filed no answering affidavit and, so far as appears, did not claim surprise or prejudice. The State's position here could be sustained only by attaching undue importance to what seems to us little more than the matter of a label. We are unable to say, upon the papers before us, that the discretion of the court below was unreasonably exercised. We do not pass upon the State's contention that there was error, in any event, in permitting the amendment insofar as the derivative cause of action is concerned, the State's remedy in case of insufficiency remaining unaffected. Order affirmed, with $10 costs to appellant. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.